IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CAPPELLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO. 02-2685 |

REPORT AND RECOMMENDATION

DIANE M. WELSH                                                                                            May 22, 2002
UNITED STATES MAGISTRATE JUDGE

    Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Thomas Cappello pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Lehigh County Prison. For the reasons which follow, the habeas petition should be summarily dismissed, without prejudice, for failure to exhaust state remedies.

**BACKGROUND**

    Petitioner alleges that on November 22, 1999, he pled guilty to driving under the influence of alcohol, and he was sentenced on that date to a period of incarceration of 48 hours to 2 years less one day. See Hab. Pet. ¶ 5; Petitioner's "Statement A" ¶ 1;[1] see also Petitioner's Amended Pet. for Post-Conviction Relief (hereinafter referred to as "Amended PCRA Petition") ¶¶ 1-2. Petitioner further alleges that on October 12, 2000, following a hearing, his parole was revoked, and he was ordered to serve the balance of the original sentence at the Lehigh County

---

1. In addition to his habeas petition, petitioner has submitted copies of certain documents filed in the state court related to the underlying proceedings, as well as documents styled "Statement A" and "Statement B."

Prison.  Id. ¶ 9.

According to petitioner, subsequent to the denial of his petition for reconsideration of sentence and two petitions for early parole, id. ¶¶ 12, 14, he was paroled on May 26, 2001, id. ¶ 15.  However, he states that, following a hearing on July 12, 2001, his parole was again revoked, and he was again ordered to serve the balance of the sentence which had been previously imposed at the Lehigh County Prison.  Id. ¶¶ 15-16.

Petitioner alleges that on August 14, 2001, he filed a pro se petition for collateral review under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541-46, and following the appointment of counsel, counsel filed an Amended PCRA Petition.  See Petitioner's "Statement A" ¶ 7.  On November 5, 2001, the PCRA petition was dismissed as untimely filed.  See Commonwealth v. Cappello, No. 2303 of 1999, Mem. Op. at 1, 3 (C.P. Lehigh County dated Mar. 19, 2002).

Petitioner filed a Notice of Appeal in the Superior Court of Pennsylvania on December 5, 2001, and on December 24, 2001, he filed a Concise Statement of Matters Complained of on Appeal in the Superior Court.  Id. at 1.  The Court of Common Pleas of Lehigh County recently filed a Memorandum Opinion dated March 19, 2002 in support of its November 5, 2001 Order dismissing the PCRA petition, id. at 1-4, and petitioner's appeal is still pending in the Superior Court of Pennsylvania.[2]

---

2. Petitioner does not allege in his habeas petition that the Pennsylvania Superior Court has yet decided his appeal.  Per telephone conversation on May 17, 2002 with the Office of the Prothonotary of the Superior Court, this Court confirmed that petitioner's appeal is indeed still pending in the Superior Court at No. 411 EDA 2002, and briefing by the parties is not yet complete.

2

## DISCUSSION

In the present habeas petition, construing the pro se petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Lewis v. Attorney General, 878 F.2d 714, 722 (3d Cir. 1989), and upon review of the exhibits submitted with the petition, petitioner alleges claims of ineffective assistance of counsel related to the conduct of three different attorneys who represented petitioner at different phases of his case in state court. See Hab. Pet. ¶ 12; see also id. ¶ 15. Petitioner also challenges the conduct of one of the state court judges who presided over one of the proceedings in the underlying case. See Hab. Pet. ¶ 12; see also Amended PCRA Pet. ¶¶ 6-7, 13.

Initially, it is noted that the habeas petition includes claims of ineffective assistance of PCRA counsel. See Hab. Pet. ¶ 12(D); see also id. ¶ 15(f)-(g). However, 28 U.S.C. § 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Therefore, to the extent that petitioner raises claims of ineffective assistance of PCRA counsel, those claims are not cognizable under § 2254. See 28 U.S.C. § 2254(i).

Furthermore, instead of setting forth "on the form[] provided by the Court" all the specific claims and any supporting facts for his ineffective assistance claims, as required by Local Rule of Civil Procedure 9.3, the habeas petition refers to portions of his PCRA petition. See Hab. Pet. ¶ 12. Therefore, it appears petitioner has violated Local Rule of Civil Procedure 9.3.[3]

---

3. Specifically, Rule 9.3(a) provides: "All petitions for writ of habeas corpus . . . shall be filed on forms provided by the Court and shall contain the information called for by such forms. The required information shall be set concisely and legibly. Ordinarily, the Court will consider only

Irrespective of petitioner's violation of the local rules, see supra note 3, the habeas petition should be summarily dismissed, without prejudice. "It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993). Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Lambert, 134 F.3d at 513 n.18 (citing Toulson, 987 F.2d at 986). Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be strictly adhered to because it expresses respect for our dual judicial system." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990))(emphasis added); see Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality").

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, the habeas petitioner carries the burden of proving exhaustion of all available state remedies. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

---

those matters which are set forth on the forms provided by the Court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule may result in dismissal of the petition." Local R. Civ. P. 9.3(a) (emphasis added). Here, petitioner attempts to circumvent this requirement by referring to exhibits attached to his petition, instead of "concisely and legibly" setting forth on the habeas form all of his specific claims and the related supporting facts. See Hab. Pet. ¶ 12; see also supra note 1.

In the present case, although the present petition is not a model of clarity, it appears that the habeas petition includes claims which petitioner has also raised in his Amended PCRA petition. See Hab. Pet. ¶ 12 (referring to petitioner's PCRA Pet.). Moreover, petitioner's appeal from the dismissal of his Amended PCRA Petition is still pending before the Superior Court of Pennsylvania. See supra note 2. Indeed, it appears that the Court of Common Pleas has only recently filed its Memorandum Opinion in support of its Order dismissing the Amended PCRA Petition, see Common Pleas Ct. Op. dated 3/19/02, and briefing by the parties involved in the appeal in the Superior Court is not yet complete, see supra note 2.

Accordingly, in light of petitioner's appeal which is currently pending in the Superior Court of Pennsylvania, see supra note 2, the petition should be dismissed, without prejudice, since petitioner has failed to satisfy the exhaustion requirement. See Rose v. Lundy, 455 U.S. 509, 518 (1982) ("[F]ederal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'"); see also Walker v. Government of Virgin Islands, 230 F.3d 82, 87-88 (3d Cir. 2000) (in light of petitioner's pending appeal in state court, district court should have dismissed habeas petition without prejudice for failure to meet the exhaustion requirement); Lopez v. Vaughn, 1999 WL 545011, at *3 (E.D. Pa. July 28, 1999) (finding that since petitioner's appeal was pending before the Pennsylvania Superior Court, petitioner had "clearly not exhausted his state remedies"). The doctrine of comity dictates that the state system be afforded the first opportunity to redress any errors before this Court imposes its interpretation of law upon the case. See Rose, 455 U.S. at 518; Lambert, 134 F.3d at 513.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." See Rule 4, 28 U.S.C. foll. § 2254. In the present case, for the aforementioned reasons, it plainly appears that petitioner is not entitled to relief at this time due to his failure to exhaust state remedies. Accordingly, the petition should be summarily dismissed, without prejudice, pursuant to Rule 4.

My Recommendation follows.

R E C O M M E N D A T I O N

AND NOW, this          day of May, 2002, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, for the reasons given in the accompanying Report, I RECOMMEND that the habeas petition be SUMMARILY DISMISSED, without prejudice, for failure to exhaust state remedies.

_____
DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CAPPELLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO. 02-2685 |

## O R D E R

AND NOW, this         day of                        , 2002, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED, without prejudice, for failure to exhaust state remedies.

BY THE COURT:

_____
BRUCE W. KAUFFMAN, J.

<u>According to petitioner, on September 26, 2000, a parole violation warrant was issued against him based upon an allegation that petitioner had been "adjudicated to be in direct Criminal Contempt" for "abus[ing], threaten[ing], harass[ing], or stalk[ing]" petitioner's ex-girlfriend. See Amended PCRA Pet. ¶ 3.</u>